UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN WATERS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 21-cv-2098 -JBM |
| | ) |
| MACON COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, and believed to be a pretrial detainee, pursues a § 1983 action against the Macon County Jail ("Jail"), an entity not amenable to suit. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has filed a one-page complaint naming the Jail as the sole Defendant. Plaintiff's allegations are unclear, and he appears to allege that urine and feces are being placed in spray bottles and sprayed through the chuckhole in the cell door. In addition to this, he alleges that he has not been provided proper cleaning supplies. Plaintiff also complains of the lack of a

grievance process, asserting without support, that the Jail is operated by the Illinois Department of Corrections ("IDOC"). The complaint does not contain a prayer for relief.

Plaintiff does not indicate when these events occurred and does not name any individual whom he holds liable. While he names the Jail, it is not an entity amenable to suit under § 1983 which applies only to "persons" who act under color of state law. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir. 2001). *See Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("[t]he 'Sangamon County Jail' is not a 'person' that may be sued under § 1983."); *Wright v. Porter County,* 2013 WL 1176199, * 2 (N.D. Ind. Mar. 19, 2013) (dismissing the County Jail). "Wright also sues the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations." *See also, Nawrocki v. Racine County Jail*, No. 08-96, 2008 WL 4417314 , at *1 (W.D. Wis. March 7, 2008) ("a building is not a proper party to a lawsuit brought under 42 U.S.C. § 1983.")

Plaintiff will be given a chance to replead and identify any individuals who personally participated in the constitutional deprivations alleged. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged.) Plaintiff is also to identify the type of relief he seeks. *See Edmondson, et al., v. Decatur Cnty. Detention Center*, 21-00499, 2021 WL 859735, at *3 (S.D. Ind. Mar. 8, 2021) ("Rule 8(a) of the Federal Rules of Civil Procedure requires every complaint to contain a short and plain statement showing entitlement to relief, and a demand for what relief is sought. Without that information, the complaint does not comply with Rule 8(a) and therefore fails to state a claim upon which relief can be granted.')

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2. Plaintiff must keep the Court Clerk advised of his whereabouts at all times. The failure to do so could result in the dismissal of this case.

 10/13/2021                                                                         s/Joe Billy McDade
ENTERED                                                              JOE BILLY McDADE
                                                                     UNITED STATES DISTRICT JUDGE